| | | |
|---|---|---|
| **JACK C. HANEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment

and Memorandum in Support, (Doc. Nos. 11, 12); Defendant's Motion for Summary Judgment

and Memorandum in Support, (Doc. Nos. 13, 14); Plaintiff's Supplemental Memorandum, (Doc.

No. 23); and Defendant's Response in Opposition to the Supplemental Memorandum, (Doc. No.

24).

Under 42 U.S.C. § 405(g), the Court has the "power to enter, upon the pleadings and

transcript of the record, a judgment affirming, modifying, or reversing the decision of the

Commissioner of Social Security, with or without remanding the cause for a rehearing."

Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). In light of the recent ruling in Mascio v. Colvin,

780 F.3d 632 (4th Cir. 2015), this Court **reverses** the Commissioner's decision and **remands** the

case for a new hearing.

On remand, the Administrative Law Judge will be directed to conduct a new hearing and

provide a decision consistent with the relevant holdings of Mascio, which require: (1) a function-

by-function analysis, and (2) an analysis pertaining to the claimant's limitation in concentration,

persistence, and pace.

First, in conducting the function-by-function analysis, the Administrative Law Judge must use "narrative discussion describing how the evidence supports each conclusion . . ." Mascio, 780 F.3d at 636 (citing SSR 96-8p, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996)). A mere recitation of select evidence is not a sufficient substitute for the function-by-function analysis required by Mascio, particularly when there is contradictory evidence on the record. The Administrative Law Judge is directed to assess Plaintiff's capacity to perform relevant functions, as well as Plaintiff's ability to perform those functions for a full workday. The Administrative Law Judge is also directed to consider limitations and restrictions imposed by Plaintiff's impairments, including mental impairments not unanimously labeled as severe. Although "not severe" impairment(s) individually may not serve to significantly limit an individual's ability to do basic work activities, when considered in conjunction with limitations and restrictions due to other impairments, it may be substantial to the outcome of a claim. SSR 96-8p.

Second, the Administrative Law Judge is directed to further address Plaintiff's potential difficulties in concentration, persistence, or pace, based on the finding that Plaintiff has mental impairments that limit him to only being capable of simple, routine, repetitive tasks. The Administrative Law Judge is also directed to explain why Plaintiff's moderate limitations in concentration, persistence, and pace do not affect Plaintiff's ability to work, given that limitations in concentration, persistence, and pace do not automatically fall into a determination of simple, routine, repetitive tasks, and must be considered and explained independently. Mascio, 780 F.3d at 638. Further, "[t]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Id.

Therefore, pursuant to the power of this Court to enter a judgment reversing the Commissioner's decision with remand in Social Security actions under 42 U.S.C. § 405(g), this Court hereby **REVERSES** the Commissioner's decision and **REMANDS** the case for a new hearing consistent with the holdings of <u>Mascio</u>.

Signed: August 18, 2015

Robert J. Conrad, Jr.
United States District Judge